IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO.: 4:13-CR244 |
| | § | Judge Schell |
| BRIGGETTE ELLIS (2) | § § § § | |

# MOTION TO WITHDRAW GUILTY PLEA

COMES NOW Briggette Ellis, pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal Rule of Criminal Procedure 11 (d) hereby moves for withdrawal of her guilty plea to Count One of the Information, which charged a violation of 18 U.S.C. § 4 (Misprision of a Felony), and as grounds therefore respectfully shows the Court as follows:

1. The defendant pled guilty to Count One of the Information, on March 30, 2015, that charged her with a violation of 18 U.S.C. § 4 (Misprision of a Felony) pursuant to a written plea agreement. A factual basis for the count is included with the Plea Agreement. This motion is a request for the Court's permission to allow Defendant to withdraw her plea.

2. The defendant is not guilty of Misprision of a Felony charged in the Information. Defendant also believes in light of all the evidence, it is more likely than not that no reasonable juror would have convicted her.

3. Defendant asserts that there is a fair and just reason for requesting withdrawal of her plea. Defendant asserts that her plea was involuntarily made as the result of a promise made to her by her attorney of record, Ms. Maria Tu, who promised Defendant that by pleading guilty she would receive 5

years probation and no jail time period.[1] Defendant is innocent of the crime she is charged with and requests a trial by jury of all the allegations against her. In addition, Defendant is the sole caregiver for her elderly mother who is in poor health and further states that because of that she would have never plead guilty had she been made aware of even the possibility of jail time from her attorney. (Please see letter from defendant's mother, Barbara Ellis's doctor regarding her health condition). As a result of this ineffective assistance, it rendered Defendant's plea not voluntary and intelligent and she now seeks to withdraw that guilty plea in this, her post-sentence motion to withdraw her guilty plea applying the standard under 28 U.S.C. § 2255 for ineffective assistance of counsel. But for counsel's erroneous assurance, in all reasonable probability, Mrs. Ellis would have not pleaded guilty and would have insisted on going to trial.[2] By allowing Defendant to withdraw her guilty plea the Court will in effect correct a manifest injustice.[3]

4.  Moreover, Defendant alleges that her attorney never explained the effect of waiving the statute of limitations. The offense of Misprision of a Felony that Defendant was charged with was alleged to have occurred more than 5 years before the Information charging Defendant with that offense. As a result, the Statute of Limitations barred the Government's ability to file that charge against Defendant. However,

---

[1] Please see an email correspondence from Attorney Maria Tu's Office wherein it is communicated to Defendant in no uncertain terms that Defendant would receive 5 years probation and get no jail time.

[2] In this context, a 'reasonable probability' is one 'sufficient to undermine confidence' in the defendant's decision to plead guilty." *McCoy,* 215 F.3d at 107 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). In his case Mrs. Ellis does not need to show that she would have been acquitted, only that "she 'would have gone to trial.' " *United States v. Hanson,* 339 F.3d 983, 991 (D.C.Cir.2003).

[3] A plea of guilty may not be withdrawn after sentence except to correct a "manifest injustice," and we find it difficult to imagine how "manifest injustice" could be shown except by proof that the plea was not voluntarily or understandingly made, or a showing that defendant was ignorant of his right to counsel. Certainly ineffective assistance of counsel, as opposed to ignorance of the right to counsel, is immaterial in an attempt to impeach a plea of guilty, except perhaps to the extent that it bears on the issues of voluntariness and understanding. *United States v. Zaitar* **---** F.Supp.3d ---- (2015)

Defendant's attorney convinced Defendant to sign the waiver without explaining the consequences or the effect of the waiver. Therefore, Defendant's plea of guilty was not voluntary or intelligent.[4]

5. Defendant alleges that her counsel's performance was deficient as discussed *supra*, and counsel's deficient performance prejudiced the defendant and caused her to plead guilty based on false promises and she would have otherwise not plead.[5] Defendant further asserts that the withdrawal of her plea will not prejudice the Government. Defendant asserts that she understands that if the Court grants his motion to withdraw her plea that this cause will be set for a jury trial at the convenience of the Court. In the interest of fairness and justice, Defendant Ellis should be allowed to withdraw her plea and proceed to the trial in this cause. The defendant requests an evidentiary hearing on this motion.

Wherefore, Premises considered, Defendant prays that the Court grant Defendant's Motion to Withdraw her guilty plea and for such other and further relief to which he may be entitled.

DATED:   May 1, 2015

Respectfully submitted,

/s/ Thomas Bowers_____
Thomas Bowers
SBN 24006881
2331 West Northwest Highway
Dallas, Texas 75220
214-697-3733

/s/ Ray Jackson_____
Ray Jackson
SBN: 008797754
2214 Main Street
Dallas, TX 75201

---

[4] *Please see* the Waiver of Statute of Limitations which Defendant signed attached hereto.
[5] The Supreme Court held that a claim that the ineffective assistance of counsel rendered a plea not voluntary and intelligent must be evaluated under the general two-pronged test for ineffective assistance first set forth in *Strickland*. Thus, to prevail on his claim that Mr. Coburn provided ineffective assistance, Mr. Zaitar must establish (1) that counsel's performance was deficient, and (2) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

214.651.6250 Office
214.651.6244 Facsimile

Attorneys for Defendant Briggette Ellis

## CERTIFICATE OF CONFERENCE

This will certify that the undersigned counsel has consulted with Mr. Christopher Eason, Assistant U.S. Attorney, and he is opposed to the relief requested in this motion.

/s/ Thomas Bowers
Thomas Bowers

## CERTIFICATION OF SERVICE

I hereby certify that on the 1st day of May, 2015, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Eastern District of Texas using the Court's electronic case filing system. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record, who have consented in writing to accept this Notice as service of this document by electronic means.

This 1st of May, 2015.

/s/ Thomas Bowers
Thomas Bowers
Attorney for Briggette Ellis

# EXHIBIT 1

ellisbriggette@gmail.com <ellisbriggette@gmail.com> 7/2/14

to vivan

Ok..will do

Sent from my LG Optimus G Pro™, an AT&T 4G LTE smartphone
------ Original message------
**From:** Vivan Josh
**Date:** Tue, 7/1/2014 3:44 PM
**To:** ellisbriggette@gmail.com;
**Cc:** 'Maria Tu';
**Subject:** Briggette Ellis

Dear Briggette,

Attached please find a copy of the initial PSR just disclosed today. Please review at your earliest convenience and let us know what you think.

Regards,

Vivan Josh

Legal Assistant to Maria Tu

Law Offices of Maria Tu, P.C.

2800 W. Parker Rd, Suite 110

Plano, TX 75075
Tel: 972-964-8366
Fax: 972-964-4811

CONFIDENTIALITY NOTICE: The information contained in this email transmission (include any attachments hereto) is confidential. It may also be subject to the attorney-client privilege, work product, or proprietary information. The information is intended for the exclusive use of the addressee listed herein. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other that to the addressee named herein), copying, or the taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify Maria Tu by telephone at 972/964-8366 or 469/879-2777 to arrange for the return of the documents.

Reply Forward

Vivan Josh vivan@mariatulawoffices.com via yahoo.com 7/2/14

to me

Hi Briggette,

Pls note it's 5 years probation. No prison.

Regards,

Vivan Josh

Legal Assistant to Maria Tu

Law Offices of Maria Tu, P.C.

2800 W. Parker Rd, Suite 110

Plano, TX 75075
Tel: 972-964-8366
Fax: 972-964-4811

CONFIDENTIALITY NOTICE: The information contained in this email transmission (include any attachments hereto) is confidential. It may also be subject to the attorney-client privilege, work product, or proprietary information. The information is intended for the exclusive use of the addressee listed herein. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other that to the addressee named herein), copying, or the taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify Maria Tu by telephone at 972/964-8366 or 469/879-2777 to arrange for the return of the documents.

**From:** Vivan Josh [mailto:vivan@mariatulawoffices.com]
**Sent:** Tuesday, July 01, 2014 3:44 PM
**To:** ellisbriggette@gmail.com
**Cc:** 'Maria Tu'
**Subject:** Briggette Ellis

Dear Briggette,

# EXHIBIT 2



# UTSouthwestern
## Medical Center

Mildred Wyatt and Ivor P. Wold
Center for Geriatric Care
5323 Harry Hines Blvd.
Dallas, TX 75390-9124
Office: 214-645-8650
Fax: 214-645-8669

Dr. Thomas Dalton
Dr. Tara DuVal
Dr. Amy Johnson
Dr. Ramona Rhodes
Dr. Vivyenne Roche
Dr. Craig Rubin
Dr. Belinda Vicioso
Dr. Melanie Zuo

Natalie Garry, GNP
Jill McCarthy, ANP
Heather Nemec, LCSW
Katherine Shoemaker, RN
Stephanie Tate, LVN
Tammy Johnson, CMOA
Nola Watson
Catherine Albert

# Fax

To: Bridgette Ellis

From: Heather /Dr Roche

Fax: 615-468-3405

Pages: 2

Phone:

Date: 4/8/15

Re: Financial Letter

Cc:

☐ Urgent  ☑ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

Message:

The information contained in this facsimile message is confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at **(214/645-8650)**, and return the original message to us at the above address via the U.S. Postal Service.



Mildred Wyatt and Ivor P. Wold
Center for Geriatric Care

April 8, 2015

Re: Barbara Ellis
DOB 4/15/40

To Whom it May Concern,

I am the primary care physician for Ms. Barbara Ellis, a 74 year-old women with chronic medical issues which include a stroke in 2009. Subsequent to her stroke, Ms. Ellis suffers from residual weakness. She often has difficulty functionally managing her instrumental activities of daily living including management of finances. Depression and anxiety also complicate her coping and level of function.

Mr. Ellis relies on her daughter Bridgette Ellis to physically assist her with bill pay and financial reconciliations. She had previously designated her daughter, Bridgette, as durable power of attorney. Please allow Bridgette to act in this capacity.

Sincerely,

Vivyenne Roche, MD
Professor of Internal Medicine/Geriatrics
UT Southwestern Geriatric Care Center
5303 Harry Hines
Dallas, TX 75390-9124
214.645.8650

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:13CR244 |
| | § | Judge Schell |
| BRIGGETTE ELLIS (2) | § | |

## WAIVER OF STATUTE OF LIMITATIONS

I, **Briggette Ellis**, desire to enter a plea of guilty in this matter to an Information charging the offense of Misprision of a Felony in violation of 18 U.S.C. § 4. I understand that the last overt act that will be alleged in the Information occurred more than five years ago, and that date is beyond the Statute of Limitations, which bars the government from filing a charge that occurred more than five years before the date on which the charge is filed. I have discussed this matter with my attorney, Maria Tu, and I expressly waive any objection or defense to the Information on the grounds that it would be barred by the Statute of Limitations.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

I have read this Waiver of Statute of Limitation and discussed it with my attorney. I fully understand the contents of this Waiver Statute of Limitation and knowingly and voluntarily agree to it.

Date:_____ _____
BRIGGETTE ELLIS
Defendant

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

I have read this Waiver of Statute of Limitations and discussed it with my client. I am satisfied that he fully understands the contents of the Waiver Statute of Limitation and knowingly and voluntarily agree to it.

Date:_____ _____
MARIA TU
Attorney for the defendant

**WAIVER OF STATUTE OF LIMITATIONS - Page 2**